NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZUOYUN WU, | No.   15-71689 |
| Petitioner, | Agency No. A088-114-137 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2019[**]
Pasadena, California

Before:  M. SMITH and FRIEDLAND, Circuit Judges, and SIMON,[***] District
Judge.

Petitioner Zuoyun Wu seeks review of the final order of the Board of

Immigration Appeals ("BIA") affirming the decision of an Immigration Judge

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

("IJ") denying Petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.     Petitioner is a native and citizen of the People's Republic of China. He was admitted to the United States on March 11, 2006, as a nonimmigrant visitor with authorization to remain in the United States for a temporary period not to exceed June 10, 2006. After that deadline, he remained in the United States without authorization. Petitioner asserts that he suffered persecution in China because he opposed its population control policies and that the Chinese police detained and harmed him because of his practice of Christianity in an underground church.

2.     To qualify for asylum, an applicant must show past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Al-Harbi v. I.N.S.*, 242 F.3d 882, 888 (9th Cir. 2001) (citing 8 U.S.C. § 1101(a)(42)(A)). A well-founded fear of persecution must be both "subjectively genuine" and "objectively reasonable." *Id*. To qualify for withholding of removal, an applicant must show that "it is more likely than not that he would be subject to persecution" because of a protected ground. *Id*. (quoting *I.N.S. v. Stevic*, 467 U.S. 407, 429–30 (1984)). To qualify for relief under the CAT, an applicant must show that "it is more likely

2

than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

3.    An adverse credibility determination alone, when properly based on substantial evidence, is enough to support the denial of asylum, withholding of removal, and relief under the CAT. *Shrestha v. Holder*, 590 F.3d 1034, 1048 n.6 (9th Cir. 2010). In evaluating credibility, the IJ must consider "the totality of the circumstances, and all relevant factors," including, among other things, "demeanor . . . of the applicant . . . , the consistency between the applicant's . . . written and oral statements[, and] the internal consistency of each such statement . . . ." *Id.* at 1039–40 (citing Pub. L. No. 109–13, Div. B, §§ 101(a)(3), 101(c), 101(d), 119 Stat. 231, 303 (2005) (codified at 8 U.S.C. §§ 1158(b)(1)(B)(iii) (asylum); 1231(b)(3)(C) (adopting the standard in 8 U.S.C. § 1158(b)(1)(B) for withholding of removal); 1229a(c)(4)(C) (all other relief))); *see also Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (stating that courts "afford a healthy measure of deference to agency credibility determinations," because IJs are able "to assess demeanor and other credibility cues") (internal quotation marks omitted).

4.    Substantial evidence supports the BIA's adverse credibility determination and its conclusion that, after the discredited testimony is cast aside, Petitioner failed to demonstrate eligibility for asylum, withholding of removal, or relief under the CAT. The IJ determined that Petitioner was not a credible witness,

based in part on material discrepancies between Petitioner's testimony and the documentary evidence. The IJ also noted how Petitioner's answers changed when the IJ identified inconsistencies in Petitioner's testimony regarding his passport, and how Petitioner then "began to equivocate, stating that he must have 'misunderstood' the Court's question." Further, the IJ found Petitioner's testimony, at times, to be evasive and nonresponsive and lacked the "ring of truth." *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005). The IJ "specifically and cogently refer[red]" to the aspects of Petitioner's demeanor that undermined his credibility. *Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003). Finally, the IJ specifically described the aspects of Petitioner's testimony that the IJ found to be evasive, and "[a]n asylum seeker's obvious evasiveness may be enough to uphold an IJ's adverse credibility finding." *Wang v. I.N.S.*, 352 F.3d 1250, 1256 (9th Cir. 2003) (internal quotation marks omitted).

**PETITION FOR REVIEW DENIED.**